**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JANE DOE** | * | |
| **by her Guardian of the Person** | | |
| **And Property KATHLEEN MITCHELL** | * | |
| **Plaintiff,** | * | |
| **v.** | * | CIVIL CASE NO. 1:06-cv-00982-JR |
| **LOGISTICARE SOLUTIONS, LLC,** *et al.* | * | |
| **Defendants.** | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS**
**LOGISTICARE SOLUTIONS, LLC'S, AND WASHINGTON METROPOLITAN AREA**
**TRANSIT AUTHORITY'S MOTION TO TRANSFER VENUE**

Plaintiff, Jane Doe, by her Guardian of the Person and Property, Kathy Mitchell, through her attorneys, Christian C. Mester and Janet, Jenner & Suggs, LLC, in support of her Motion for Extension of Time to Respond to Defendants Logisticare Solutions, LLC's, and Washington Metropolitan Area Transit Authority's Motion to Transfer Venue, hereby state as follows:

1.    Plaintiff filed this lawsuit in the Superior Court of the District of Columbia. Defendants, Logisticare Solutions, LLC (hereinafter, "Logisticare") and Washington Metropolitan Area Transit Authority (hereinafter, "WMATA") filed on or about May 26, 2006, a Notice of Removal from the Superior Court of the District of Columbia to this Court, and simultaneously filed a Motion to Transfer Venue from this Court to the United States District Court for the District of Maryland. Plaintiff received the Notice and Motion in the mail on Tuesday, May 30, 2006.[1]

---

[1]

Plaintiff received electronic confirmation of the Notice and Motion on June 1, 2006.

2.    On June 6, 2006, the movants of the Notice of Removal and Motion to Transfer, Defendants Logisticare and WMATA, consented to Plaintiff's request to extend the time to respond to the Motion to Transfer Venue. See Affidavit of Christian C. Mester, attached hereto as Exhibit 1. Plaintiff also contacted the other defendants, even though they did not file the Motion to Transfer Venue.[2] Counsel for Defendants Regency Cab and MV Public Transportation, Inc. gave telephonic consent to Plaintiff's request for extension on June 7, 2006. See Exhibit 1. Plaintiff also called counsel for Defendant Challenger Transportation, Inc. on June 6, 2006, and left a voicemail message requesting an extension. See Exhibit 1.[3] To date, that call has not yet been returned. Plaintiff has no problem having this extension apply to any of the Defendants' oppositions to the Motion to Transfer Venue, provided they choose to file one.

3.    F.R.C.P. 6(b) allows enlargement of the time to respond for cause shown in the Court's discretion if the request is made before the expiration of the period originally prescribed. As stated above, this Motion for enlargement of time is made prior to the expiration of the original time period–June 9, 2006. Plaintiff sets forth below information that cause exists for this Court to grant this Motion.

4.    Plaintiff's response to the Notice of Removal is not due until thirty days after filing of the notice pursuant to 28 U.S.C. § 1447(c); meaning a response is due on June 26, 2006. Plaintiff's response to the Motion to Transfer, however, is due 11 days after service of the motion pursuant to L.Cv.R. 7(b); meaning it is due on June 9, 2006. In this situation, the Court's jurisdiction

---

[2]

Counsel for Plaintiff was advised by Counsel for Regency Cab, Inc., that Regency would soon be filing a motion to join in Motion to Transfer Venue.

[3]

Defendant Foroosnani is incarcerated and was unable to be contacted by telephone.

to transfer venue is predicated on whether the case is properly in this Court from the Superior Court for the District of Columbia on Defendants' Notice of Removal. Plaintiff intends to contest this remand and will file an appropriate response on or before June 26, 2006. Therefore, Plaintiff respectfully believes it would be premature for the Court to rule on the Motion to Transfer before Plaintiff has had the opportunity to respond to the Notice of Removal. Plaintiff believes the above constitutes cause sufficient to grant this Motion.

5.     Plaintiff believes there is no prejudice to any party, and that Court resources will be utilized more efficiently having both responses due on the same date and time, as the issues are interrelated, and therefore ruling on both issues at the same time is justified.

6.     In addition, Plaintiff's counsel, Christian C. Mester, had been preparing for a three-week medical malpractice trial in Owensboro, Kentucky, which was set to begin on Monday, June 5, 2006; however, it settled on Thursday, June 1, 2006. Once settled, Mr. Mester was then able to focus on responding to the motions: once he saw the discrepancy in response dates, he immediately contacted counsel for Defendants.

7.     Plaintiff respectfully believes she has met her burden on enlarging time to respond. It is for these reasons that the undersigned respectfully requests that this Court grant this Consent Motion to extend the deadline for Plaintiff's response to Defendants' Motion to Transfer Venue to June 26, 2006.

WHEREFORE, Plaintiff respectfully requests that this Court extend the deadline for Plaintiff's response to Defendants' Motion to Transfer Venue to June 26, 2006, the same day as Plaintiff's deadline to file a motion for remand.

Respectfully submitted,

**JANET, JENNER & SUGGS, LLC**

_____
Christian C. Mester, Esquire (Bar No. 470209)
JANET, JENNER & SUGGS, LLC
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)
Cmester@medlawlegalteam.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __7th__ day of June, 2006, copies of the foregoing Plaintiff's Consent Motion for Extension of Time to Respond to Defendants Logisticare Solutions, LLC, and Washington Metropolitan Area Transit Authority's Motion to Transfer Venue, Supporting Memorandum of Points and Authorities, and Proposed Order, were electronically served on and mailed 1st class, postage prepaid to:

Michael J. Carlson, Esquire
Anderson, Coe & King, LLP
201 North Charles Street, Suite 2000
Baltimore, MD 21201
*Attorney for WMATA and Logisticare*

Terence J. O'Connell, Esquire
O'Connell, O'Connell & Sarsfield
401 E. Jefferson Street, Suite 204
Rockville, MD 20850
*Attorney for Challenger Transportation, Inc.*

Michael DeSantis, Esquire
Hartel, Kane, DeSantis, MacDonald &
Howie, LLP
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
*Attorney for Challenger Transportation, Inc.*

Tamara B. Goorevitz, Esquire
Franklin & Prokopik
One North Charles Street, Suite 100
Baltimore, MD 21201
*Attorney for MV Public Transportation, Inc.*

Daniel L. Shea, Esquire
Brault, Graham, LLC
101 South Washington Street
Rockville, MD 20850
*Attorney for Regency Cab, Inc.*

Donna Ellen McBride, Esquire
Miller, Miller & Canby
200-B Monroe Street
Rockville, MD 20850
*Attorney for Regency Cab, Inc.*

Mohammad Sarrami Foroosnani (*by first-class mail, only*)
Maryland Correctional Facility
18601 Roxbury Road
Hagerstown, Maryland 21746

Raymond Ramsey, Esquire (*by first-class mail, only*)
360 Campus Lane, Suite 201
Fairfield, California 94534
*Attorney for MV Public Transportation, Inc.*

JANET, JENNER & SUGGS, LLC

Christian C. Mester, Esquire (Bar No. 470209)
JANET, JENNER & SUGGS, LLC
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)

Attorneys for Plaintiff