IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE | * | |
| by her Guardian of the Person | | |
| And Property KATHLEEN MITCHELL | * | |
| Plaintiff, | * | |
| v. | * | CIVIL CASE NO. 1:06-cv-00982-JR |
| LOGISTICARE SOLUTIONS, LLC, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

Comes now Plaintiff, Jane Doe, by her Guardian of the Person and Property, Kathleen Mitchell, through her attorneys, Christian C. Mester and Janet, Jenner & Suggs, LLC, and moves to dismiss Defendant Washington Metropolitan Area Transit Authority. In support thereof, Plaintiff directs this Court to her accompanying Memorandum of Points and Authorities, incorporated herein by reference.

Respectfully submitted,

**JANET, JENNER & SUGGS, LLC**

_____/s/_____
Christian C. Mester, Esquire (Bar No. 470209)
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)
CMester@medlawlegalteam.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANE DOE** | * | |
| **by her Guardian of the Person** | | |
| **And Property KATHLEEN MITCHELL** | * | |
| **Plaintiff,** | * | |
| v. | * | CIVIL CASE NO. 1:06-cv-00982-JR |
| **LOGISTICARE SOLUTIONS, LLC,** *et al.* | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF HER MOTION TO DISMISS
DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

Plaintiff, Jane Doe, by her Guardian of the Person and Property, Kathleen Mitchell, through her attorneys, Christian C. Mester and Janet, Jenner & Suggs, LLC, in support of her Motion to Dismiss Defendant Washington Metropolitan Area Transit Authority hereby states as follows:

This is a negligence case involving the failure of Defendants to provide safe transportation services to Plaintiff Jane Doe. On May 26, 2005, Kathleen Mitchell contacted MetroAccess to arrange transportation for Plaintiff, a mentally disabled 32-year-old woman with the developmental level of a young child. Among other things, Defendants had a duty to hire, train and supervise their actual and/or apparent agents, servants and/or employees, and to safely transport Plaintiff to her place of employment in Montgomery County, Maryland. MetroAccess, upon information and belief, contacted Defendant Regency Cab to provide transportation services that day pursuant to a contract for services under the paratransit system. A Regency cab, driven by Defendant Mohammed Foroosnani, picked Plaintiff up at her home. However, instead of taking Plaintiff to her place of

employment, Defendant Foroosnani drove Plaintiff to a deserted construction site where he attacked and raped Plaintiff. This employee was engaged by Defendant Regency Cab, Inc., among other Defendants, who knew or should have known that he was unfit and unqualified to perform services of this nature, and were negligent in their hiring, supervision and training. Plaintiff has suffered severe physical injury and emotional distress as a result of her encounter.

**I.       PROCEDURAL HISTORY**

Plaintiff filed this action on April 28, 2006 in the Superior Court of the District of Columbia. Defendants Washington Metropolitan Area Transit Authority (hereinafter, "WMATA") and Logisticare Solutions, LLC (hereinafter, "Logisticare"), with the consent of all named defendants, removed this case to the United States District Court for the District of Columbia. In their Notice, Defendants stated as grounds for removal D.C. CODE ANN. § 9-1107.1 82 (2001):

> The United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland, Virginia, and the District of Columbia, of all actions brought by or against the [Washington Metropolitan Area Transit] Authority and to enforce subpoenas issued under this Title. Any such action initiated in a State or District of Columbia court shall be removable to the appropriate United States District Court in the manner provided by 28 U.S.C. § 1446.

Simultaneously, Defendants WMATA and Logisticare filed a Motion to Transfer Venue to the United States District Court for the District of Maryland. On June 13, 2006, this Court granted Plaintiff's Consent Motion for Extension of Time to Respond to Defendants Logisticare Solutions, LLC, and Washington Metropolitan Area Transit Authority's Motion to Transfer Venue, extending the deadline to June 26, 2006.

Having conducted additional preliminary investigations into WMATA's involvement in the facts of this case, and after having received information from WMATA's counsel, Plaintiff seeks to

dismiss WMATA from this action.[1]

## II. ARGUMENT

Plaintiff seeks to dismiss her action against Defendant WMATA without prejudice based on representations from WMATA's Deputy General Counsel and current counsel that Defendant Logisticare is an independent contractor hired by WMATA to provide transportation services to disabled individuals, including Plaintiff, under the MetroAccess program, that WMATA has no oversight, and that they are to be indemnified by Logisticare. Thus, Plaintiff believes that WMATA is not a necessary party to this action. See Affidavit of Christian C. Mester, attached hereto as Exhibit 1. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides for voluntary dismissal of an action upon order of court and upon such terms and conditions as the court deems proper. Plaintiff believes that such terms are met and respectfully requests this Court to grant its motion dismissing Defendant WMATA without prejudice.

Under District of Columbia law, an employment relationship creates liability on the part of the employer if there is a master-servant relationship. Safeway Stores, Inc. v. Kelly, 448 A.2d 856, 860 (D.C. 1982). In order to determine whether agency exists, five factors are examined: (1) the selection and engagement of the servant; (2) the payment of wages; (3) the power to discharge; (4) the power to control the servant's conduct; and (5) whether the work is part of the regular business of the employer. Schecter v. Merchant's Home Delivery, Inc., 892 A.2d 415, 423 (D.C. 2006). No single factor is controlling; however "the decisive test . . . is whether the employer has the right to

---

[1] Because WMATA is no longer a proper party to this action, Plaintiff requests in her separately filed Motion to Remand to the Superior Court of the District of Columbia that this Court remand this action back to the Superior Court of the District of Columbia as none of the other Defendants have any proper basis for maintaining this action before this Court. Assuming that this Court finds remand to be improper, Plaintiff additionally opposes Defendants' Motion to Transfer Venue in a separate pleading, concurrently filed.

control and direct the servant in the performance of his work and the manner in which the work is to be done." Schecter, 892 A.2d at 423 (quoting Safeway Stores, Inc. 448 A.2d at 860).

Indeed, the question of whether an individual was an independent contractor or an employee has arisen in the context of WMATA drivers in the past. In Bethea v. Mills, *et al.* the Superior Court of the District of Columbia granted WMATA's motion for summary judgment, finding that no agency relationship existed between WMATA, a specific driver and/or Murray's Transportation Services. Order at 1, (D.C. Sup. August 1, 1999) (No. 96CA10051), attached hereto as Exhibit 2. There, in facts similar to the case at bar, the plaintiff alleged that the driver, an employee of Murray's, committed an assault and battery for which WMATA was vicariously liable. Exhibit 2, at 4. The evidence before the court consisted of the contract between WMATA and Murray's, the only evidence submitted. Exhibit 2, at 4. Evaluating the five factors, the court determined that Murray's, not WMATA, retained exclusive control over the hiring, payment, termination, and supervision of the driver. Exhibit 2, at 3-4.

Likewise, in defendant's Brief in the Superior Court case of Bagley v. Washington Metropolitan Area Transit Authority, *et al.*, WMATA argued that dismissal or summary judgment was appropriate where a Murray's employee was allegedly negligent for not properly securing plaintiff, who was wheelchair-bound, in a MetroAccess van before driving the vehicle. Brief at 1, (D.C. Sup.) (No. 01CA007271), attached as Exhibit 3. There, WMATA contended that the driver was not a WMATA employee because he was hired by Murray's, paid by Murray's, Murray's had control over hiring and firing, and Murray's created its own policies and training programs. Brief at 3-4, Exhibit 3. WMATA wrote in its filing that:

> WMATA hired Murray's to provide paratransit transportation

-4-

>services to disabled individuals within the District of Columbia pursuant to a contract agreement. The written agreement between WMATA and Murray's expressly stated that Murray's would be an independent contractor, and WMATA would not control the manner in which Murray's conducted its business operation. The contract sets forth that Murray's was solely responsible for the day-to-day operation of its business and stated that Murray's 'shall be' responsible for hiring, training and disciplining its employees and for purchasing, operating and maintaining its vehicles.

Brief at 5, Exhibit 3. If, as Defendant WMATA's counsel indicates, the contract between WMATA and Defendant Logisticare is the same as that between WMATA and Murray's in the Bagley matter, and based on these prior positions, Plaintiff believes that it is at this time proper to dismiss WMATA as a party-defendant. There is no prejudice to any party by the dismissal of Defendant WMATA, especially at the early stage of this litigation. No discovery has taken place as yet, as the suit was only recently filed before the matter was remanded to this Court by Defendants WMATA and Logisticare.

Plaintiff believes that the above demonstrates that good cause sufficient to grant her motion to dismiss Defendant WMATA as a party-defendant pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. As such, for the aforegoing reasons, Plaintiff respectfully requests this Court to grant her motion and dismiss Defendant WMATA as a party defendant.

### III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court dismiss Defendant Washington Metropolitan Area Transit Authority from this action as a party-defendant without prejudice.

### ORAL HEARING REQUESTED

Pursuant to Local Rule 7(f), Plaintiff requests an oral hearing regarding Plaintiff's Motion to Dismiss Defendant Washington Metropolitan Area Transit Authority, and any opposition thereto.

        Respectfully submitted,

        **JANET, JENNER & SUGGS, LLC**

        _____/s/_____
        Christian C. Mester, Esquire (Bar No. 470209)
        1829 Reisterstown Road, Suite 320
        Baltimore, Maryland 21208
        (410) 653-3200
        (410) 653-9030 (fax)
        CMester@medlawlegalteam.com

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __23rd__ day of June, 2006, copies of the foregoing Plaintiff's Motion to Dismiss Defendant Washington Metropolitan Area Transit Authority, Supporting Memorandum of Points and Authorities, and Proposed Order, were electronically served on and mailed 1st class, postage prepaid to:

| | |
|---|---|
| Michael J. Carlson, Esquire<br>Anderson, Coe & King, LLP<br>201 North Charles Street, Suite 2000<br>Baltimore, MD 21201<br>*Attorney for WMATA and Logisticare* | Terence J. O'Connell, Esquire<br>O'Connell, O'Connell & Sarsfield<br>401 E. Jefferson Street, Suite 204<br>Rockville, MD 20850<br>*Attorney for Challenger Transportation, Inc.* |
| Michael DeSantis, Esquire<br>Hartel, Kane, DeSantis, MacDonald & Howie, LLP<br>6301 Ivy Lane, Suite 800<br>Greenbelt, Maryland 20770<br>*Attorney for Challenger Transportation, Inc.* | Tamara B. Goorevitz, Esquire<br>Franklin & Prokopik<br>One North Charles Street, Suite 100<br>Baltimore, MD 21201<br>*Attorney for MV Public Transportation, Inc.* |
| Daniel L. Shea, Esquire<br>Brault, Graham, LLC<br>101 South Washington Street<br>Rockville, MD 20850<br>*Attorney for Regency Cab, Inc.* | Donna Ellen McBride, Esquire<br>Miller, Miller & Canby<br>200-B Monroe Street<br>Rockville, MD 20850<br>*Attorney for Regency Cab, Inc.* |
| Mohammad Sarrami Foroosnani<br>Maryland Correctional Facility<br>18601 Roxbury Road<br>Hagerstown, Maryland 21746 | |

**JANET, JENNER & SUGGS, LLC**

_____/s/_____
Christian C. Mester, Esquire (Bar No. 470209)
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)

Attorneys for Plaintiff