SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| STEPHEN G. BETHEA,<br>Plaintiff,<br><br>v.<br><br>ANTHONY MILLS,<br>Defendant,<br><br>MURRAY'S TRANSPORTATION<br>SERVICES, INC.,<br>Defendant,<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br>Defendant, | Case No. 96CA10051<br>Calendar 11<br>Judge López |

## ORDER

This matter comes before the court upon Defendant, Washington Metropolitan Area Transit Authority's (WMATA) Motion for Summary Judgment with accompanying Memorandum of Points and Authorities. Plaintiffs submitted an opposition to this motion and Defendant subsequently submitted a reply thereto. For the following reasons, WMATA's Motion for Summary Judgment is GRANTED.

### FACTUAL BACKGROUND

This case stems from an assault and battery by Mr. Mills, a bus driver employed by Murray's Transportation Services, Inc. (Murray's), against Mr. Bethea on March 26, 1996. Following the battery, Mr. Bethea initially filed this suit on December 31, 1996, against Murray's, Mr. Mills, and WMATA. Then on August 12, 1998, Mr. Bethea filed a second suit solely against Murray's, the employer of Mr. Mills, for injuries resulting from

EXHIBIT 2

Mr. Mills battery against Mr. Bethea. See <u>Bethea v. Murray's Transportation Services, Inc.</u>, Civil Action No. 98-6115 (1999). In an order dated February 26, 1999, Judge Diaz awarded Mr. Bethea the full amount of damages requested. On July 6, 1999, WMATA filed this Motion for Summary Judgment on the ground that WMATA is entitled to judgment as a matter of law.

## APPLICABLE LAW

Summary Judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Super. Ct. Civ. R. 56(c). The moving party has the burden of demonstrating both the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law. <u>Griva v. Davison</u>, 637 A.2d 830, 836 (D.C. 1994) (citing <u>Holland v. Hannan</u>, 456 A.2d 807, 815 (D.C. 1983)). To overcome summary judgment the opposing party must offer "competent evidence admissible at trial showing that there is a genuine issue to material fact." <u>Nader v. de Toledano</u>, 408 A.2d 31, 48 (D.C. 1979), cert. denied, 444 U.S. 1078 (1979). "In practical effect, this rule requires more of the opposing party than the mere demonstration of disputed factual issues." <u>Id.</u> (citing <u>Bushie v. Stenocord Corp.</u>, 460 F.2d 116, 119 (9th Cir. 1972). In other words, counsel's conclusory allegations will not suffice to establish a factual issue for trial. <u>Beard v. Goodyear Tire & Rubber Co.</u>, 587 A.2d 195, 198 (D.C. 1991); <u>Graff v. Malawer</u>, 592 A.2d 1038 (D.C. 1991).

In practice, the moving party is required to demonstrate that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. The Court is required to view the evidence in the light most favorable to the adverse party.

2

Truitt v. Miller, 407 A.2d 1073, 1077 (D.C. 1979). If under the circumstances the moving party makes an initial showing that the record presents no genuine issue of material fact, the burden is shifted to the adverse party to show the existence of such an issue. Beard, 587 A.2d at 195. The adverse party must go beyond the pleadings, by means of depositions, interrogatories, affidavits, and other competent evidence, to designate specific facts which show there is a genuine triable issue. Super.Ct. Civ. R. 56(e); Beard, 587 A.2d 195; Graff, 592 A.2d at 1040.

The work of the Court is not to be a fact finder. Rather, the Judge must determine whether a fair minded jury could return a verdict for the adverse party on the evidence presented. The Court is therefore required to be guided by the same standard that the jury must apply. Thus the Court must determine whether a reasonable juror could find by a preponderance of the evidence that the adverse party is entitled to a verdict. Out of necessity the Court must take into account the quantum and quality of proof to determine the existence of genuine issues of material facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Graff, 592 A.2d at 1038.

## ANALYSIS

In its Motion for Summary Judgment, WMATA asserts that there is no agency relationship between WMATA and Murray's; therefore WMATA can not be liable for the acts of those employed by Murray's. The five factors that should be considered when determining whether an agency relationship exists between WMATA and Mr. Mills and/or Murray's are: (1) whether WMATA has any influence over the selection and hiring of Mr. Mills; (2) whether WMATA pays wages to Mr. Mills; (3) whether WMATA has the power to terminate Mr. Mills; (4) whether WMATA has the power to

3

control Mr. Mills conduct; and (5) whether the work performed by Mr. Mills is part of WMATA's regular business. See Giles v. Shell Oil Co., 487 A.2d 610 (D.C. 1985).

Under the terms of Murray's contract with WMATA, Murray's retained exclusive control over the hiring, payment, termination, and supervision of Mr. Mills and other employees of Murray's. (Exhibit 9—Contract, Section III). Furthermore, Mr. Bethea has not presented any evidence suggesting that in actual course of performance or course of dealing, WMATA and Murray's substantially deviated from their contractual agreement pertaining to employment. Therefore, there is no issue of material fact pertaining to the established independence of WMATA from Murray's employment procedures and practices.

Accordingly, Defendant's Motion for Summary Judgment is hereby GRANTED.

SO ORDERED this 4 day of August, 1999.

José M. López, Judge
(Signed in Chambers)

MAILED AUG 0 4 1999

DOCKETED AUG 0 4 1999

Copies to:

✓ Nancy Langworthy
WMATA Attorney
600 Fifth Street, NW
Washington, DC 20001

John Costello
McCarthy, Bacon, and Costello
4640 Forbes Blvd, Suite 300
Lanham, MD 20706

Boniface Cobbina
1899 L Street, NW, Suite 500
Washington, DC 20036

4

Anthony Mills
4716 8th Street, NW
Washington, DC 20011