IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br>by her Guardian of the Person<br>And Property KATHLEEN MITCHELL | * <br> * |
| Plaintiff, | * |
| v. | *  CIVIL CASE NO. 1:06-cv-00982-JR |
| LOGISTICARE SOLUTIONS, LLC, *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION TO REMAND TO
## THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Comes now Plaintiff, Jane Doe, by her Guardian of the Person and Property, Kathleen Mitchell, through her attorneys, Christian C. Mester and Janet, Jenner & Suggs, LLC, and moves to remand this case to the Superior Court of the District of Columbia. In support thereof, Plaintiff directs this Court to her accompanying Memorandum of Points and Authorities, incorporated herein by reference.

Respectfully submitted,

**JANET, JENNER & SUGGS, LLC**

_____/s/_____
Christian C. Mester, Esquire (Bar No. 470209)
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)
CMester@medlawlegalteam.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE | * | |
| by her Guardian of the Person | | |
| And Property KATHLEEN MITCHELL | * | |
| Plaintiff, | * | |
| v. | * | CIVIL CASE NO. 1:06-cv-00982-JR |
| LOGISTICARE SOLUTIONS, LLC, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF HER MOTION TO REMAND
TO THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

Plaintiff, Jane Doe, by her Guardian of the Person and Property, Kathleen Mitchell, through her attorneys, Christian C. Mester and Janet, Jenner & Suggs, LLC, in support of her Motion to Remand to the Superior Court for the District of Columbia hereby states as follows:

This is a negligence case involving the failure of Defendants to provide safe transportation services to Plaintiff Jane Doe. On May 26, 2005, Kathleen Mitchell contacted MetroAccess to arrange transportation for Plaintiff, a mentally disabled 32-year-old woman with the developmental level of a young child. Among other things, Defendants had a duty to hire, train and supervise their actual and/or apparent agents, servants and/or employees, and to safely transport Plaintiff to her place of employment in Montgomery County, Maryland. MetroAccess, upon information and belief, contacted Defendant Regency Cab to provide transportation services that day pursuant to a contract for services under the paratransit system. A Regency cab, driven by Defendant Mohammed Foroosnani, picked Plaintiff up at her home. However, instead of taking Plaintiff to her place of

employment, Defendant Foroosnani drove Plaintiff to a deserted construction site where he attacked and raped Plaintiff. This employee was engaged by Defendant Regency Cab, Inc., among other Defendants, who knew or should have known that he was unfit and unqualified to perform services of this nature, and were negligent in their hiring, supervision and training. Plaintiff has suffered severe physical injury and emotional distress as a result of her encounter.

## I. PROCEDURAL HISTORY

Plaintiff adopts and incorporates the Procedural History from "Section I: Procedural History" of Plaintiff's Memorandum in Support of Her Motion to Dismiss Defendant Washington Area Metropolitan Transit Authority, as if fully set forth herein.

## II. ARGUMENT

If this Court grants Plaintiff's Motion to Dismiss Defendant Washington Metropolitan Area Transit Authority (hereinafter, "WMATA"), Plaintiff respectfully requests that this Court remand the case back to the Superior Court of the District of Columbia, commensurate with the decision of the United States Supreme Court in Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988). Absent the presence of WMATA as a party-defendant, this Court has no vested interest in this case, and exercise of jurisdiction would be inappropriate. It is clear that not one of the remaining defendants is able to remove this case to federal court.[1]

In Cohill, plaintiffs filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, alleging violation of federal age-discrimination laws and a multitude of state claims.

---

[1] Plaintiff agrees that Defendant WMATA cited the statute properly that appears to provide them with jurisdiction in federal court, although in the other cases Plaintiff cited, it does not appear WMATA invoked that statute. However, with WMATA out of the case as a defendant, this case should not remain in this Court as the Superior Court for the District of Columbia is the proper forum for this case.

484 U.S. at 345. The defendants removed the case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a). In their notice of removal, defendants observed that the District Court had original jurisdiction (and therefore removal jurisdiction) over the entire case. Cohill, 484 U.S. at 345-346. The sole basis for federal jurisdiction lay in the federal age discrimination claim, based on the Age Discrimination in Employment Act of 1967, 81 Stat. 602, as amended, 29 U.S.C. §§ 621-634. Cohill, 484 U.S. at 346. Additionally, jurisdiction over the state claims resulted because they were pendent to the federal law claims. Cohill, 484 U.S. at 346. Though plaintiffs did not contest the initial propriety of removal, they did successfully amend the complaint to remove the federal age discrimination claim, observing that "they now believed these claims were not tenable." Cohill, 484 U.S. at 346. Conditional on the success of their motion to amend, plaintiffs concurrently filed a motion to remand. Cohill, 484 U.S. at 346. The District Court remanded the case. Cohill, 484 U.S. at 346. The United States Court of Appeals for the Third Circuit, on a writ of mandamus, decided that remand was not proper. Cohill, 484 U.S. at 347. The U.S. Supreme Court accepted certiorari to resolve a split among the Circuits as to "whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain." Cohill, 484 U.S. at 348.

Agreeing with the District Court that remand was proper, the Supreme Court discussed the background of pendent jurisdiction:

> Under Gibbs, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. **When the balance of these factors**

> *indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction* by dismissing the case without prejudice.

(Emphasis added)(internal citations omitted). Cohill, 484 U.S. at 350 (citing Mine Workers v. Gibbs, 383 U.S. 715 (1966). Applying the rationale of Gibbs to the case at bar, the Supreme Court's objective was to determine whether the District Court could relinquish jurisdiction by remanding the case or whether dismissal without prejudice was the only proper course of action. Cohill, 484 U.S. at 350. Choosing remand, the Court held that:

> . . . a remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law.

Cohill, 484 U.S. at 353. In these cases, therefore, "the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate." Cohill, 484 U.S. at 351. Importantly, this was discretion to *either* remand or dismiss–regardless of which option the Court chose, the case could not continue to be properly before it. In Cohill, the exercise of pendent jurisdiction was inappropriate and remand was proper because the sole reason behind removal, the federal age discrimination claim, was removed.

Like the withdrawal of the federal claim in Cohill, the dismissal of Defendant WMATA as a party-defendant is sufficient to justify remanding the case back to the Superior Court of the District

of Columbia. WMATA is the only defendant which had any basis to seek removal to this Court. As stated earlier, this case is in the very beginning stages, and no discovery has been taken. Assuming this Court approves the dismissal of WMATA, principles of economy, convenience, fairness and comity support that remand of the remaining claims, all of which are non-federal, to the Superior Court is proper and warranted. Plaintiff properly included WMATA as a party-defendant and, as competent information was received that WMATA appears not to be an appropriate party-defendant, Plaintiff filed a motion to dismiss that defendant. At this early stage in the case, no discovery has been conducted, and remand will not prejudice any of the remaining parties. As such, and for the aforegoing reasons, Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion and remand this case back to the Superior Court of the District of Columbia.

## III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court remand this action back to the Superior Court of the District of Columbia.

### ORAL HEARING REQUESTED

Pursuant to Local Rule 7(f), Plaintiff requests an oral hearing regarding Plaintiff's Motion to Remand to the Superior Court of the District of Columbia, and any opposition thereto.

        Respectfully submitted,

        **JANET, JENNER & SUGGS, LLC**

        _____/s/_____
        Christian C. Mester, Esquire (Bar No. 470209)
        1829 Reisterstown Road, Suite 320
        Baltimore, Maryland 21208
        (410) 653-3200
        (410) 653-9030 (fax)
        CMester@medlawlegalteam.com

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___23rd___ day of June, 2006, copies of the foregoing Plaintiff's Motion to Remand to the Superior Court of the District of Columbia, and Supporting Memorandum of Points and Authorities, and Proposed Order, were electronically served on and mailed 1st class, postage prepaid to:

Michael J. Carlson, Esquire
Anderson, Coe & King, LLP
201 North Charles Street, Suite 2000
Baltimore, MD 21201
*Attorney for WMATA and Logisticare*

Terence J. O'Connell, Esquire
O'Connell, O'Connell & Sarsfield
401 E. Jefferson Street, Suite 204
Rockville, MD 20850
*Attorney for Challenger Transportation, Inc.*

Michael DeSantis, Esquire
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
*Attorney for Challenger Transportation, Inc.*

Tamara B. Goorevitz, Esquire
Franklin & Prokopik
One North Charles Street, Suite 100
Baltimore, MD 21201
*Attorney for MV Public Transportation, Inc.*

Daniel L. Shea, Esquire
Brault, Graham, LLC
101 South Washington Street
Rockville, MD 20850
*Attorney for Regency Cab, Inc.*

Donna Ellen McBride, Esquire
Miller, Miller & Canby
200-B Monroe Street
Rockville, MD 20850
*Attorney for Regency Cab, Inc.*

Mohammad Sarrami Foroosnani
Maryland Correctional Facility
18601 Roxbury Road
Hagerstown, Maryland 21746

**JANET, JENNER & SUGGS, LLC**

_____/s/_____
Christian C. Mester, Esquire (Bar No. 470209)
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)

Attorneys for Plaintiff