IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE | * | |
| by her Guardian of the Person | | |
| And Property KATHLEEN MITCHELL | * | |
| Plaintiff, | * | |
| v. | * | CIVIL CASE NO. 1:06-cv-00982-JR |
| LOGISTICARE SOLUTIONS, LLC, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO MOTION TO TRANSFER
VENUE FILED BY DEFENDANTS LOGISTICARE SOLUTIONS, LLC
AND WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

Comes now Plaintiff, Jane Doe, by her Guardian of the Person and Property, Kathleen Mitchell, through her attorneys, Christian C. Mester and Janet, Jenner & Suggs, LLC, and oppose the Motion to Transfer Venue filed by Defendants Logisticare Solutions, LLC and Washington Metropolitan Area Transit Authority. In support thereof, Plaintiff states as follows:

This is a negligence case involving the failure of Defendants to provide safe transportation services to Plaintiff Jane Doe. On May 26, 2005, Kathleen Mitchell contacted MetroAccess to arrange transportation for Plaintiff, a mentally disabled 32-year-old woman with the developmental level of a young child. Among other things, Defendants had a duty to hire, train and supervise their actual and/or apparent agents, servants and/or employees, and to safely transport Plaintiff to her place of employment in Montgomery County, Maryland. MetroAccess, upon information and belief, contacted Defendant Regency Cab to provide transportation services that day pursuant to a contract for services under the paratransit system. A Regency cab, driven by Defendant Mohammed

Foroosnani, picked Plaintiff up at her home. However, instead of taking Plaintiff to her place of employment, Defendant Foroosnani drove Plaintiff to a deserted construction site where he attacked and raped Plaintiff. This employee was engaged by Defendant Regency Cab, Inc., among other Defendants, who knew or should have known that he was unfit and unqualified to perform services of this nature, and were negligent in their hiring, supervision and training. Plaintiff has suffered severe physical injury and emotional distress as a result of her encounter.

## I.  PROCEDURAL HISTORY

Plaintiff adopts and incorporates the Procedural History from "Section I: Procedural History" of Plaintiff's Memorandum in Support of Her Motion to Dismiss Defendant Washington Area Metropolitan Transit Authority, as if fully set forth herein.

## II.  ARGUMENT

Assuming Plaintiff's Motion to Remand is not granted, transfer from this Court to the United States District Court for the District of Maryland is not proper. Per 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge F.B.L.-585, 364 U.S. 19, 26-27 (1960)). Courts may consider many factors in deciding whether to transfer an action, including "[t]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and transferor

courts; and other practical aspect [sic] of expeditiously and conveniently conducting a trial Armco Steel Co., L.P. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991). In the present case, the balance of factors counsels in favor of this Court retaining jurisdiction.

The most important factor in deciding whether to transfer venue under § 1404(a) is the convenience of the parties and witnesses. Wilmot H. Simonson Co. v. Green Textile Associates, Inc., 554 F. Supp. 1229, 1234 (D.Ill. 1983). Importantly, when the defendant seeks a transfer, he cannot complain about inconvenience to the plaintiff or her witnesses. See Clendenin v. United Fruit Co., 214 F. Supp. 137, 139 (E.D. Pa. 1963); Holiday Rambler Corp. v. Am. Motors Corp., 254 F. Supp. 137, 139 (W.D. Mich. 1966); Rhodes v. Barnett, 117 F. Supp. 312, 317 (S.D.N.Y. 1953). Therefore, Plaintiff's residence in Montgomery County, Maryland, is irrelevant to the question before this Court.

Additionally, transfer is not justified where there is no significant difference in convenience of parties and witnesses between the alternatives available. Numerous cases have held that, where the alternative courthouses are relatively close to each other, convenience may not be a sufficient factor in transferring venue. See Nat'l Union Fire Ins. Co. v. Coric, 924 F. Supp. 373, 379 (N.D.N.Y. 1996)(denying transfer of venue to District of Connecticut on grounds that defendant did not establish clear-cut and convincing proof showing that balance of convenience weighed strongly in favor of transfer because courthouses were only 100 miles from each other); Fein v. Public Service Coordinated Transp., 165 F. Supp. 370, 371 (E.D. Pa. 1958)(denying transfer of venue to District of New Jersey because the "the question of comparative convenience is non-existent" where the two courthouses are only 30 minutes away from each other). In the case *sub judice*, the distance between the United States District Court for the District of Columbia and the United States District Court for

the District of Maryland, Greenbelt division, is only 13.48 miles, or approximately a 22 minute drive. See Mapquest directions, attached hereto as Exhibit 1. And, though Defendants have not indicated specifically which witnesses are more convenient to the United States District Court of Maryland, some of the witnesses anticipated in this case are very close in proximity to the District of Columbia, being located in the neighboring county of Montgomery County, and closer to the District of Columbia than the court in Maryland. The criminal action against Defendant Foroosnani took place in Montgomery County, Maryland, and Plaintiff and some of her damage witnesses are likewise located in Montgomery County, Maryland, again closer to this Court than the court in Maryland. Defendant Regency Cab, Inc., upon information and belief expected to be the primary employer of Defendant Foroosnani, is a business located in Gaithersburg, located in Montgomery County, and closer to this Court than the Maryland court. Furthermore, whether Defendant Washington Metropolitan Area Transit Authority (hereinafter, "WMATA") remains in this action or not, WMATA employees, located in the District of Columbia, may need to be deposed about the facts of the MetroAccess program. Finally, though discovery has not yet begun, Plaintiff expects that a number of the applicable contracts between transportation providers at issue may require application of the laws of the District of Columbia, either because they were executed there, or because of choice of law provisions within the contracts themselves. Moreover, and very importantly, upon information and belief, Defendants transact business within the District of Columbia.

The second and third factors in deciding whether to transfer venue are "ease of access to sources of proof; [and] availability of compulsory process to compel the attendance of unwilling witnesses." Armco, 790 F. Supp. at 323. In this matter, given the close proximity of the State of Maryland to the District of Columbia, Defendants' belief that proof will not be accessible is

disingenuous. Additionally, many of the witnesses expected to be deposed and called to testify are employees or former employees of the defendants, and they can easily be compelled to testify or produced. For any non-party witnesses, testimony may be compelled per Rule 45(b)(2) of the Federal Rules of Civil Procedure, which provides the District Courts with subpoena power within their territory or at any place within 100 miles of the place of deposition, hearing trial, production or inspection. Defendants have not met, and cannot meet, their burden of identifying any evidence or witnesses who would be unavailable if this case proceeds in the District Court for the District of Columbia. As such, for all of the aforegoing reasons, Defendants' Motion to Transfer should be denied.

### III.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion to Transfer Venue to the United States District Court for the District of Maryland.

### ORAL HEARING REQUESTED

Pursuant to Local Rule 7(f), Plaintiff requests an oral hearing regarding Defendants Washington Metropolitan Area Transit Authority and Logisticare Solutions, LLC's Motion to Transfer Venue, and Plaintiff's Opposition thereto.

Respectfully submitted,

**JANET, JENNER & SUGGS, LLC**

_____/s/_____
Christian C. Mester, Esquire (Bar No. 470209)
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)
CMester@medlawlegalteam.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __23rd__ day of June, 2006, copies of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Transfer Venue filed by Defendants Logisticare Solutions, LLC and Washington Metropolitan Area Transit Authority, and Proposed Order, were electronically served on and mailed 1st class, postage prepaid to:

Michael J. Carlson, Esquire
Anderson, Coe & King, LLP
201 North Charles Street, Suite 2000
Baltimore, MD 21201
*Attorney for WMATA and Logisticare*

Terence J. O'Connell, Esquire
O'Connell, O'Connell & Sarsfield
401 E. Jefferson Street, Suite 204
Rockville, MD 20850
*Attorney for Challenger Transportation, Inc.*

Michael DeSantis, Esquire
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
*Attorney for Challenger Transportation, Inc.*

Tamara B. Goorevitz, Esquire
Franklin & Prokopik
One North Charles Street, Suite 100
Baltimore, MD 21201
*Attorney for MV Public Transportation, Inc.*

Daniel L. Shea, Esquire
Brault, Graham, LLC
101 South Washington Street
Rockville, MD 20850
*Attorney for Regency Cab, Inc.*

Donna Ellen McBride, Esquire
Miller, Miller & Canby
200-B Monroe Street
Rockville, MD 20850
*Attorney for Regency Cab, Inc.*

Mohammad Sarrami Foroosnani
Maryland Correctional Facility
18601 Roxbury Road
Hagerstown, Maryland 21746

**JANET, JENNER & SUGGS, LLC**

_____/s/_____
Christian C. Mester, Esquire (Bar No. 470209)
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)

Attorneys for Plaintiff