## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No.  1:06-cv-00982-JR |
| LOGISTICARE SOLUTIONS, LLC, *et al.* | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## WMATA'S AND LOGISTICARE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

Defendants Logisticare Solutions, LLC ("Logisticare") and the Washington Metropolitan Area Transit Authority ("WMATA"), by their attorney, Michael J. Carlson, file this memorandum in support of their Motion to Transfer Venue and state:

### I. BACKGROUND

This case centers on the allegation that Defendant Mohammed Foroosnani, a taxi driver, raped Plaintiff Jane Doe in Montgomery County, Maryland on or about May 26, 2005.  The alleged rape occurred after Mr. Foroosnani picked up Plaintiff from her place of residence and was supposed to be transporting her to her place of employment.   Plaintiff's residence and place of work are both in Montgomery County, Maryland.

WMATA and Logisticare seek transfer of this action to the United States District Court for Maryland, Southern Division, as it is the place where Plaintiff's cause of action arose and

and Plaintiff's place of residence, as well as the residence of all known witnesses in the case.

Plaintiff opposes the motion based almost exclusively on her contention that this Court is

equally convenient to the known witnesses and sources of proof as the United States Courthouse

in Greenbelt, Maryland. Significantly, Plaintiff does not dispute that all events related to the

alleged rape occurred in Maryland and that all known witnesses reside there. Under these

circumstances, Plaintiff, whose resides in Maryland and suffered harm only in Maryland, is

entitled to no deference as to her choice of venue. Rather, consideration of all factors compel

transfer of this case to the U.S. District Court for Maryland

## I.      APPLICABLE LAW AND ARGUMENT

As these Defendants observed in the Motion to Transfer, 28 U.S.C. § 1404 provides a

standard for the transfer of actions that is less deferential to a plaintiff's choice of venue than the

common law doctrine of *forum non conveniens*. ). Moreover, this Court has observed that:

> "Deference to plaintiffs' forum choice is diminished where, as here, transfer is sought to
> the plaintiffs' resident forum." *Miccosukee Tribe,* slip op. at 5 (citing *Citizen Advocates
> for Responsible Expansion, Inc. v. Dole,* 561 F.Supp. 1238, 1239 (D.D.C.1983)
> (deference to plaintiffs' forum choice is diminished where "transfer is sought to the forum
> where the plaintiffs reside")); *see also Thayer/Patricof Education Funding,* 196
> F.Supp.2d at 31 ("choice of forum is ordinarily afforded great deference, except when the
> plaintiff is a foreigner in that forum"). In addition, "the showing defendants must make is
> lessened ⋯ where, as in this case, transfer is sought to the forum with which the plaintiffs
> have substantial ties and where the subject matter of the lawsuit is connected to that
> state." *Trout Unlimited,* 944 F.Supp. at 17. Finally, any deference to plaintiffs' choice of
> forum is further mitigated if "the choice of forum has no meaningful ties to the
> controversy and no particular interest in the parties or subject matter.

*Airport Working Group of Orange County, Inc. v. U.S. Dept. of Defense,* 226 F.Supp.2d 227

(2002), 229 -230 (D.D.C.,2002).

In this case, Defendants seek transfer of this action to Maryland, which is not only Plaintiff's place of residence, but the place where her cause of action arose. Far from giving the Plaintiff deference, the law provides that "the presumption may switch to defendants' favor in the District of Columbia when neither party resides in the chosen forum and the cause of action arises elsewhere. Legal presumptions thus will not go very far in helping plaintiffs keep this lawsuit in this forum, if the relevant factors under section 1404(a) point to a different forum." *Turner & Newall, PLC v. Canadian Universal Ins. Co.*, 652 F.Supp. 1308, 1310 (D.D.C. 1987).

While WMATA is headquartered in the District of Columbia, Plaintiff, through her motion to dismiss, has already acknowledged the likelihood that WMATA will not be liable, even if it remains in the case. Logisticare, as well as the other corporate Defendants, will also benefit from the same independent contractor defense. Instead, the facts to be developed in the case are primarily those related to Mr. Foroosnami's liability and any related damages, as well as the nature of his contractual relationship with Defendant Regency Cab, Inc., a Maryland company based in Gaithersburg, Maryland. Additionally, while Plaintiff avers that all necessary proof would be accessible if the matter remains pending before this Court, she conveniently ignores the fact that this Court likely does not have jurisdiction to enter a judgment against one of the Defendants – Mr. Foroosnami – who is a resident of Maryland and is not alleged to have committed any act that would bring him within the Court's jurisdiction. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843 (U.S. 1947) (explaining that a court should consider "questions as to the enforceability of a judgment if one is obtained").

Similarly absent from Plaintiff's Opposition is any weighing of public interest considerations.

> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to

the litigation. In cases which touch the affairs of many persons, there is a reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself

*Id. See also Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546 (U.S. 1955) (Observing that while Section 1404 lessened deference given to a plaintiff's choice of forum, "[t]his is not to say that the relevant factors [considered under common law *forum non conveniens* cases] have changed")

Indeed, Plaintiff ignores one of the central legislative purposes behind the enactment of Section 1404: to prevent forum shopping by plaintiffs. *Turner & Newall, PLC, supra,* at 1312. Plaintiff provides the Court with no reason, other than her apparent belief that the District will give her a favorable jury pool, why this Court or the jurors of the District of Columbia should be charged with the burden of deciding a case arising in Maryland and primarily involving acts committed and witnesses by Maryland residents. It is apparent that this case involves the application of Maryland law, which is most appropriately addressed by a Maryland court, and consideration of issues that are of particular interest to the citizens of Maryland. Consideration of all these factors weighs heavily in favor of transferring this case to the United States District Court for Maryland.

### III. CONCLUSION

For all of the foregoing reasons, as well as those discussed in the Motion to Transfer, the Court should transfer this case to the United States District Court for Maryland, Southern Division.

Respectfully submitted,


_____/s/_____
Michael J. Carlson, Esquire
(Bar No. 490196)
ANDERSON, COE & KING, LLP
201 N. Charles Street, Suite 2000
Baltimore, MD  21202
T  (410) 752-1630
F  (410) 752-0085
*Attorneys for Defendants, Logisticare Solutions, LLC*
*and the Washington Metropolitan Area Transit*
*Authority*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2006, a copy of the foregoing Reply to

Plaintiff's Opposition to Motion to Transfer Venue and proposed Order were served by

electronic filing on:

Christian C. Mester, Esquire
JANET, JENNER & SUGGS LLC
Woodholme Center
1829 Reisterstown Road, Suite 320
Baltimore, Maryland  21208
*Counsel for Plaintiff*

Tamara B. Goorevitz, Esquire
FRANKLIN & PROKOPIK
2 North Charles Street, Suite 600
The B & O Building
Baltimore, Maryland  21201
*Counsel for MV Public Transportation*

Daniel L. Shea, Esquire
BRAULT GRAHAM, LLC
101 South Washington Street

Terance J. O'Connell
401 E. Jefferson Street, Suite 204
Rockville, Maryland  20850
*Counsel for Defendant Challenger*
*Transportation, Inc.*

Michael A. DeSantis, Esquire
HARTEL, KANE, DESANTIS, MACDONALD & HOWIE, LLP
6301 Ivy Lane, Suite 800
Greenbelt, Maryland  20770
*Counsel for Defendant Challenger*
*Transportation, Inc.*

Mohammad Sarrami Foroosnani
c/o Maryland Correctional Facility
18601 Roxbury Road
Hagerstown, Maryland  21746
*Defendant*

Donna McBride, Esquire
Miller, Miller & Canby
200 B Monroe Street
Rockville, Maryland 20850
*Counsel for Regency Cab, Inc*

_____/s_____
Michael J. Carlson
Bar #490196