IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 06-cv-0982 |
| LOGISTICARE SOLUTIONS, LLC, et. al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT REGENCY CAB, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

Comes now the Defendant Regency Cab, Inc., by and through its undersigned counsel and for its Opposition to Plaintiff's Motion to Remand to the Superior Court, states:

**I.     Factual Background.**

This tort action arises out of an incident which occurred on May 26, 2005 when Plaintiff, a Montgomery County resident, claims she was raped in Montgomery County by the driver of a cab. The incident was investigated by Montgomery County police officials. The cab driver, Mr. Foroosnani, is alleged to have been a resident of Montgomery County at the time. Mr. Foroosnani is now an inmate in the Maryland State Penitentiary located in Hagerstown, Maryland. His incarceration was the product of an investigation by Montgomery County, Maryland police officials. Mr. Foroosnani was prosecuted in the Circuit Court for Montgomery County, Maryland by representatives of the office of the State's Attorney for Montgomery County, Maryland.

It is this nucleus of operative facts centered in Montgomery County, Maryland which has given rise to Plaintiff's shopping for what Plaintiff apparently believes to be a more favorable forum – the Superior Court for the District of Columbia. As outlined herein, Plaintiff's effort to

reconstitute her pleading and to then try to remand the case to Superior Court, by attempting to eliminate WMATA as a Defendant, is unavailing.

For the reasons outlined herein, Plaintiff's Motion to Remand should be denied.

**II.    Regency's Cross-Claim against WMATA defeats Plaintiff's Motion to Remand.**

Regency Cab, Inc. has filed a Cross-Claim seeking contribution over against Defendant WMATA. Rule 13 of the Federal Rules of Civil Procedure authorizes a Cross-Claim under circumstances where, " . . . the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." This is exactly such a situation as envisioned by Fed.R.Civ. P. 13.

Indeed, even if Plaintiff were to attempt to unilaterally withdraw or even with the consent of WMATA sought to withdraw her claim over against WMATA, the Cross-Claim would simply be converted by operation of law into a Third Party Claim. In other words, the Plaintiff cannot defeat Defendant's right to pursue a judgment for contribution. Similarly, Plaintiff cannot unilaterally defeat this Court's exclusive jurisdiction over this dispute as WMATA is a party to this action. D.C. Code Ann. § 9-1107.1 82 (2001).[1]

---

[1] This special statute which authorizes removal of actions involving WMATA provides:

> "The United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland, Virginia, and the District of Columbia, of all actions brought by or against the [Washington Metropolitan Area Transit] Authority and to enforce subpoenas issued under this Title. Any such action initiated in a State or District of Columbia court shall be removable to the appropriate United States District Court in the manner provided by 28 U.S.C. § 1446."

As WMATA indicates in its Notice of Remand, this special statute is part of the Metropolitan Area Transit Regulation Compact signed by the State of Maryland, the District of Columbia, and the Commonwealth of Virginia and approved by Congress. Here, WMATA has been sued by Plaintiff, and this Co-Defendant has cross-claimed against WMATA. Defendant Regency Cab, In. is a contractor under WMATA pursuant to WMATA's Metro Access Program. Thus, Regency is within WMATA's chain as a government contractor. The reasoning behind the above special statute should pertain to WMATA as well as those within WMATA's contract chain.

Accordingly, Defendant's Motion to Remand to the Superior Court for the District of Columbia should be denied.

## III.   CONCLUSION.

For all the foregoing reasons, Plaintiff's forum shopping efforts embodied in her Motion to Transfer to the Superior Court for the District of Columbia should be denied.

<div style="text-align:right">

Respectfully submitted,

BRAULT GRAHAM, LLC

By: _____/s/_____
　　Daniel L. Shea
　　101 South Washington Street
　　Rockville, MD  20850
　　(301) 424-1060
　　Counsel for Defendant Regency Cab, Inc.

</div>

## JURY DEMAND

Defendant, Regency Cab, Inc., demands a trial by jury as to all issues.

_____/s/_____
Daniel L. Shea

## CERTIFICATE OF SERVICE

I HEREBY Certify that on this 14th day of July, 2006, a copy of the foregoing was served by electronic filing or mail to the following:

Robert H. Bouse, Jr., Esq.
Michael J. Carlson, Esq.
Anderson, Coe & King, LLP
201 North Charles St, Ste 2000
Baltimore, MD  21201

Terence J. O'Connell, Esq.
O'Connell, O'Connell & Sarsfield
401 E. Jefferson St, Ste 204
Rockville, MD  20850

Michael DeSantis, Esq.
Hartel, Kane, DeSantis, MacDonald
& Howie, LLP
6301 Ivy Lane, Ste 800
Greenbelt, MD 20770

Tamara B. Goorevitz, Esq.
Franklin & Prokopik
One North Charles St, Ste 100
Baltimore, MD 21201

Donna Ellen McBride, Esq.
Miller, Miller & Canby
200-B Monroe Street
Rockville, MD 20850

John Cord, Esq.
Janet, Jenner & Suggs, LLC
1829 Reisterstown Road, Ste 320
Baltimore, MD 21208

Mohammad Sarrami Foroosnani (by mail)
Maryland Correctional Facility
18601 Roxbury Road
Hagerstown, MD 21746

/s/
Daniel L. Shea