IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE                                                    * | |
| by her Guardian of the Person | |
| And Property KATHLEEN MITCHELL      * | |
| | |
| **Plaintiff,**                                              * | |
| | |
| v.                                                          * | CIVIL CASE NO. 1:06-cv-00982-JR |
| | |
| **LOGISTICARE SOLUTIONS, LLC,** *et al.*    * | |
| | |
| **Defendants.**                                          * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S REPLY TO DEFENDANT REGENCY CAB, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO THE
SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

Comes now Plaintiff, Jane Doe, by her Guardian of the Person and Property, Kathleen Mitchell, through her attorneys, Christian C. Mester and Janet, Jenner & Suggs, LLC, and reply to Defendant Regency Cab, Inc.'s Opposition to Plaintiff's Motion to Remand to the Superior Court for the District of Columbia.  In support thereof, Plaintiff states as follows:

1. Plaintiff filed this action in the Superior Court for the District of Columbia on April 28, 2006.

2. On or about May 22, 2006, Defendant Regency Cab, Inc. (hereinafter, "Regency") filed its Answer to Plaintiff's Complaint.

3. On or about May 26, 2006, Defendants Washington Metropolitan Area Transit Authority (hereinafter, "WMATA) and Logisticare Solutions, LLC (hereinafter, "Logisticare") filed a notice of removal to this Court, along with a motion to transfer venue.

4. After extensive pleadings were filed between Plaintiff, WMATA and Logisticare regarding the Notice of Removal and Motion to Transfer Venue, Defendant Regency prepared to enter the fray by filing a cross-claim against WMATA on July 12, 2006, almost three months after the filing of the Complaint and almost two months after its Answer. Having laid the groundwork, Defendant Regency two days later filed its Opposition to Plaintiff's Motion to Remand to the Superior Court for the District of Columbia, arguing that this case needs to stay in this Court because of its cross-claim seeking contribution from Defendant WMATA.

5. Defendant Regency's newly-filed cross-claim is ineffective to maintain this action before this Court because there is no legal obligation for Defendant WMATA to indemnify it in the context of this action. There has been no proffer presented by Defendant Regency that Defendant WMATA is required to indemnify it in the context of the underlying occurrence, as the cross-claim was silent on any such issues. Additionally, for the reasons stated in the Court's July 17, 2006, Order to Show Cause, Defendant Regency's contribution claim against WMATA is not sufficient to support a cross-claim.

6. Even if, hypothetically, WMATA was obligated to indemnify Regency, WMATA is still not a proper party to this action because Defendant Logisticare has contractually agreed to indemnify WMATA for any liability it has resulting from the underlying occurrence. See Affidavit of Christian Mester at ¶ 2, originally an exhibit to Plaintiff's Motion to Dismiss Defendant WMATA, attached hereto as Exhibit 1. Therefore, Logisticare, and not WMATA, is the proper indemnifying party for

    Defendant Regency, assuming indemnification is appropriate. Keeping WMATA in this action when, pursuant to information it has stated in Court documents in the past, it has no independent responsibility for negligence under these circumstances in the case, would be a waste of judicial resources. Moreover, based on conversations with counsel for some of the Defendants, it is WMATA's and Logisticare's position that Defendant Regency is required to indemnify them and not the other way around. See Affidavit of Christian Mester, attached hereto as Exhibit 2.

7. Defendant Regency criticizes Plaintiff's attempts to maintain her original choice of forum, and in the same breath attempts to engineer a cross-claim solely for the purpose of creating federal jurisdiction. The timing of the cross-claim, coming after Plaintiff has moved to dismiss WMATA from this action, indicates that it is only a thinly veiled attempt to confer jurisdiction on this Court.

8. For all of the reasons set forth in Plaintiff's prior filings, her Motion to Remand should be granted.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Remand to the Superior Court for the District of Columbia.

Respectfully submitted,

**JANET, JENNER & SUGGS, LLC**

_____/s_____
Christian C. Mester, Esquire (Bar No. 470209)
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)
CMester@medlawlegalteam.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __21st__ day of July, 2006, copies of the foregoing Plaintiff's Reply to Defendant Regency Cab, Inc.'s Opposition to Plaintiff's Motion to Remand to the Superior Court for the District of Columbia were electronically served on and mailed 1st class, postage prepaid to:

| | |
|---|---|
| Michael J. Carlson, Esquire<br>Robert H. Bouse, Jr.<br>Anderson, Coe & King, LLP<br>201 North Charles Street, Suite 2000<br>Baltimore, MD 21201<br>*Attorney for WMATA and Logisticare* | Mohammad Sarrami Foroosnani<br>Maryland Correctional Facility<br>18601 Roxbury Road<br>Hagerstown, Maryland 21746<br>(*by first-class mail, only*) |
| Michael DeSantis, Esquire<br>Hartel, Kane, DeSantis, MacDonald & Howie, LLP<br>6301 Ivy Lane, Suite 800<br>Greenbelt, Maryland 20770<br>*Attorney for Challenger Transportation, Inc.* | Tamara B. Goorevitz, Esquire<br>Franklin & Prokopik<br>One North Charles Street, Suite 100<br>Baltimore, MD 21201<br>*Attorney for MV Public Transportation, Inc.* |
| Daniel L. Shea, Esquire<br>Brault, Graham, LLC<br>101 South Washington Street<br>Rockville, MD 20850<br>*Attorney for Regency Cab, Inc.* | Donna Ellen McBride, Esquire<br>Miller, Miller & Canby<br>200-B Monroe Street<br>Rockville, MD 20850<br>*Attorney for Regency Cab, Inc.* |

JANET, JENNER & SUGGS, LLC

_____/s_____
Christian C. Mester, Esquire (Bar No. 470209)
1829 Reisterstown Road, Suite 320
Baltimore, Maryland 21208
(410) 653-3200
(410) 653-9030 (fax)

Attorneys for Plaintiff