IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE | * | |
| by her Guardian of the Person | | |
| And Property KATHLEEN MITCHELL | * | |
| Plaintiff, | * | |
| v. | * | CIVIL CASE NO. 1:06-cv-00982-JR |
| LOGISTICARE SOLUTIONS, LLC, *et al.* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AFFIDAVIT OF CHRISTIAN C. MESTER, ESQUIRE

I, Christian C. Mester, Esquire, being over the age of eighteen and competent to testify, do hereby state the following, upon my personal knowledge:

1.   I am counsel for Plaintiff Jane Doe, by her Guardian of the Person and Property, Kathleen Mitchell, in Civil Case No. 1:06-cv-00982-JR, Jane Doe, by her Guardian of the Person and Property, Kathleen Mitchell v. Logisticare Solutions, LLC, *et al.*

2.   I spoke with Deputy General Counsel for Washington Metropolitan Area Transit Authority (hereinafter, "WMATA"), Mark Sullivan on April 19, 2006, after he called in response to being provided with the documents Plaintiff was filing in order to prosecute this case under a pseudonym. Mr. Sullivan indicated that it was his position that WMATA was not responsible for what occurred in this case, as they had a contract with Logisticare and that that contract included a provision that Logisticare would provide indemnification to WMATA should WMATA be sued for an action such as this arising out of the paratransit program.

3.   Because Plaintiff did not have a copy of this contract, and based on the



EXHIBIT 1

information we possessed that showed WMATA's involvement in the MetroAccess paratransit system, we filed suit with WMATA as a party-defendant.

4. After suit was filed, on June 6, 2006, I spoke with Michael J. Carlson, Esquire, who had entered his appearance as counsel for Defendants Logisticare Solutions, LLC, and WMATA.

5. In that conversation, I mentioned my conversation with Mr. Sullivan and Mr. Carlson confirmed that the information I was told was accurate, and additionally that WMATA had no oversight over the MetroAccess paratransit system. I then attempted to ask Mr. Carlson about some substantive issues and he informed me that Bob Bouse, Esquire, from his firm would be handling the substantive issues in this case and for me to contact him.

6. As such, on June 6, 2006, I called and left a message for Mr. Bouse to contact me to discuss this matter. To date, Mr. Bouse has not returned my call.

7. Given the conversations above along with the previous cases regarding WMATA and the MetroAccess paratransit system, Plaintiff believes that WMATA should be dismissed as a party-defendant from this action.

I HEREBY CERTIFY UNDER PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE, BASED UPON MY PERSONAL KNOWLEDGE.

June 22, 2006
Date

Christian C. Mester, Esquire

Subscribed and sworn before me this 22nd day of June, 2006.

Notary Public